Dear Ms. Burkett:
This is in response to the request dated October 28, 2008, from the City of Denham Springs regarding contracts with its fire fighters for reimbursement of training expenses in the event that a fire fighter leaves the employment of the City prior to a specified date following completion of required training. The City has pointed out that such contracts are specifically authorized for police officers, in accordance with La.R.S. 40:2405(F), but there is no similar legislation regarding fire fighters. The following four specific questions have been asked, and are discussed and answered in order:
 1. Absent a specific state law provision permitting this, could the City enact an ordinance requiring newly hired firefighters to sign an employment contract whereby they would have to reimburse the City for training expenses that are paid by the City, on a pro rata amount, if they accept employment elsewhere?
This office has considered a similar request in Opinion No. 00-0487, which was issued before the recent amendments to R.S. 40:2405(F) regarding reimbursement contracts with police officers. In that opinion, this office stated that the Town of Iota had the authority to require police officers to remain employed for six months after they had received training paid for by the town, in accordance with La.R.S.33:362(A)(3) which states:
 (3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees. *Page 2 
The opinion concluded that, since police officers are employees of the municipality, the municipal government has the power to enact ordinances which regulate their employment, and that a requirement in the employment contract that police officers remain in the town's employ for six months following training is within those powers authorized by La.R.S.33:362(A)(3).
The opinion further stated that an officer who left the town's employ prior to the six months would have breached the contract, and could be required to repay training expenses and other amounts which the town had expended. In Opinion No. 93-0277, responding to a request by the Acadia Parish Sheriff, this office opined that employees may be required to sign contracts stating that they would repay the department the tuition fee for P.O.S.T. training if they fail to stay with the department for a specific length of time, in order to protect the employer by preventing employees from using this costly training for the benefit of another.
In enacting La.R.S. 40:2405, the legislature has deemed pro-rata reimbursement of training costs to be allowable and reasonable as applied to police officers. Since the City has general authority, under La.R.S. 33:372(A)(3) and in accordance with the two opinions cited above, to enter into similar reimbursement contracts with its fire fighters, the amount of reimbursement can be pro-rated based upon the percentage of time that the fire fighter has completed under the employment contract.
It is the opinion of this office that, even without a specific state law provision, the City of Denham Springs does have the authority, under La.R.S. 33:372(A)(3), to enact an ordinance requiring newly-employed fire fighters to sign an employment contract whereby they would have to reimburse the City for training expenses that are paid by the City, on a pro-rata basis, if they accept employment elsewhere before a specified period of time.
 2. Could the contract cover a time period in excess of two (2) years, i.e. could the contract be for a three year period?
As discussed in Opinion No. 93-0277, the time set must be reasonable, and a reasonable length of time has been referred to as the length of time required for the employer to have "amortized its investment." SeeOrkin Exterminating Company v. Foti, 302 So.2d 593 (La. 1974). What would constitute a reasonable amount of time is not something that can be definitively answered; however, the opinion suggested that, considering the training expenses in that situation and similar statutory provisions, the commitment should not exceed two years. *Page 3 
Although the contract time period is somewhat discretionary, the two-year period has been found to be reasonable, and a two-year contract period for fire fighters would be entirely consistent with that for police officers under La.R.S. 40:2405(F)(1).
The City also has some discretion in determining when the contractual commitment period starts, but, again, to be consistent with the contract period for police officers under La.R.S. 40:2405(F)(1), the period should start upon completion of the required certification courses.
 3. Are there any limitations as to what training expenses could be included?
Training expenses which can reasonably be included are those which are required for a newly-hired fire fighter to become a permanent employee. According to Chief Cutrer of the Denham Springs Fire Department, the following training is required, within the designated time periods:
 When a new fireman is employed, he is considered a recruit, and must successfully complete the training course and be certified as a Fire Fighter I in accordance with NFPA Standard 1001, Chapter 5. Once a recruit is certified as a Fire Fighter I, his probationary period begins, and will last from six months to one year.
 During his probationary period, the employee must successfully complete the certification courses for Fire Fighter II and Hazmat Operations Level certifications, in accordance with NFPA Standard 1001, Chapter 6. All fire fighters are required to complete these certification levels to become permanent employees.
Because the above are required certifications for permanent employment by the Denham Springs Fire Department, and must be completed by every newly-employed fire fighter, it is reasonable for the City to include the actual costs of such training in a reimbursement contract.
Any optional or advanced certifications are beyond the scope of this opinion, as such certifications would not normally be included as part of an initial employment contract, would be dependent on specific circumstances, and would probably be subject to negotiations between a particular fire fighter and the fire department. *Page 4 
 4. Could the City also include as part of the reimbursable expenses, the firefighter's salary paid during the training period?
In enacting La.R.S. 40:2405, the legislature has deemed reimbursement of a police officer's salary paid during a mandatory training period to be allowable and reasonable. Since the City has general authority, under La.R.S. 33:372(A)(3), to enter into similar contracts with its fire fighters, the City may include recoupment of such salary in its employment contracts. As a matter of fairness and consistency, and to avoid unnecessary personnel appeals or litigation regarding claims of involuntary servitude under La.Const. Art. 1, Sec. 3, or the like, it is suggested that salary reimbursement be limited to that salary paid while an employee is actually attending the training, and that no reimbursement be sought for the time in which the firefighter is on duty and not in training. That portion of the salary earned by a recruit or probationary employee who is on duty at the fire station and available to fight fires or do other duties normally required of fire fighters, should not be subject to reimbursement.
In the absence of statutory law or other guidelines on the issue at hand, La.R.S. 40:2405(F) could serve as a guideline. Although not specifically required by law, it is suggested that reimbursement contracts with fire fighters be patterned after, similar to, and consistent with, the City's contracts with its police officers, including length of required post-training employment, the primary difference being the description of training and certifications required. Both police and fire fighters provide difficult, often dangerous, services which are essential to the health and safety of the citizens of Denham Springs. In the interests of fairness and employee morale, both professions should be treated equally, with regard to their reimbursement contracts with the City, to the extent practicable.
We trust your request has been answered; however, if you should need anything further from this office, please do not hesitate to contact the undersigned.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 TERRY P. HESSICK
 Assistant Attorney General
 JDC:TFH:jv